**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| DAVID LOPEZ § | |
| V. § | CIVIL NO. A-11-CA-203-SS |
| § | |
| CALDWELL COUNTY COMMUNITY § | |
| SUPERVISION AND CORRECTIONS § | |
| AND RICK THALER § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254; Petitioner's Memorandum of Law; and Respondent Thaler's Motion to Dismiss Rick Thaler as a Party Respondent. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Respondent's Motion to Dismiss Rick Thaler as a Party Respondent should be granted and Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

DISCUSSION

Petitioner was indicted for theft and unauthorized use of a motor vehicle in the 274th Judicial District Court of Caldwell County, Texas, in cause number 2003-171. Pursuant to a plea agreement, Petitioner pleaded guilty to both counts in the indictment and was sentenced to two probated ten-year

sentences. Petitioner did not file a direct appeal. He has, however, filed three state applications for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. Ex parte Lopez, Appl. No. 28,345-07; -13; -14. The Texas Court of Criminal Appeals dismissed the applications because Petitioner's community supervision has not been revoked.

Respondent Rick Thaler moves to dismiss himself as a respondent in this action, because Petitioner is not challenging a state court conviction in which he was sentenced to prison. Rather, for purposes of his community supervision Petitioner is in the custody of the Chief of the Caldwell County Community Supervision and Corrections Department. Because Petitioner's probation has not been revoked, Respondent Rick Thaler should be dismissed as a respondent in this action.

Respondent Caldwell County Community Supervision and Corrections Department has not filed an answer in this action. Nevertheless, Petitioner's federal application for habeas corpus relief should be dismissed for failure to exhaust state court remedies.

## ANALYSIS

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

2

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522, 102 S. Ct. at 1205. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

A habeas corpus petitioner, who has been granted community supervision, may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the state district court in an application for a writ of habeas corpus pursuant to article 11.072, Texas Code of Criminal Procedure (West 2010) ("Procedure in Community Supervision Cases"). In the event the

3

state district court denies the habeas petition under article 11.072, the petitioner has a right to appeal to the Texas appellate courts and to petition the Texas Court of Criminal Appeals for discretionary review. See Ex parte Villanueva, 252 S.W.3d 391, 395-96 (Tex. Crim. App. 2008) (discussing filing, disposition and appeals of article 11.072 writs).

In the present case, Petitioner did not file a direct appeal in his state criminal case. He did, however, file three state applications for habeas corpus relief. All were filed pursuant to article 11.07 and were dismissed because his community supervision had not been revoked. Because Petitioner is currently on community supervision, he must pursue his claims in a state application pursuant to article 11.072 and not article 11.07. Petitioner indicates in his Memorandum of Law [Dkt. #2] he is pursuing his federal application pursuant to article 11.072. However, as mentioned above, he must use this procedure in state court.

Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

RECOMMENDATION

It is, therefore, recommended that Respondent's Motion to Dismiss Rick Thaler as Party Respondent [Dkt. # 10] be **GRANTED** and Petitioner's Application for Writ of Habeas Corpus

4

[Dkt. #1] be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003)

5

(citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of May, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE